UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-77-FDW

| RONALD MCCLARY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| ANTHONY SEARLES, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1).[1] On February 23, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Ronald McClary is an inmate of the State of North Carolina, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on February 18, 2015, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Anthony Searles, identified as a medical doctor at Lanesboro. (Doc. No. 1 at 3). Plaintiff

---

[1] Plaintiff has purported to file two "Amended Complaints" since filing this action, but the "Amended Complaints" merely add factual allegations to the original Complaint and they are not submitted on a Section 1983 form with the requisite allegations naming the parties, jurisdictional grounds for suit, etc. See (Doc. Nos. 7; 9). A plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations. If Plaintiff wishes to amend his Complaint, he must resubmit an Amended Complaint that includes all of his original allegations, plus any additional allegations he wishes to bring. In other words, the Amended Complaint must be submitted on a Section 1983 form like the original Complaint, with the entire form again filled out. The Amended Complaint will then supersede the original Complaint and render the original Complaint moot.

1

purports to bring a claim against Defendant for deliberate indifference to serious medical needs. (Id. at 5). Specifically, Plaintiff alleges that for 1.5 years before filing this action he has had blood in his urine, urine leakage, pain when he urinates, and an enlarged and painful prostate. (Id.). Plaintiff alleges that Defendant Searles has refused to treat Plaintiff at all, including failing to checking for cancer or giving Plaintiff any medication for his prostate. (Id.). Plaintiff alleges that he has submitted numerous sick calls but that Dr. Searles refuses to treat Plaintiff. Plaintiff notes that he filed a grievance over the lack of treatment and that the prison responded in December 2014 that Plaintiff would be scheduled to see a urologist. See (Id.; see also Doc. No. 1-1). Plaintiff states that is "a lie" and that he has, in fact, gone over a year without any treatment, and that he has still not been treated. (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

2

## III.     DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate.  Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim.  Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").  To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).  "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention."  Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).  The constitutional right is to medical care.  No right exists to the type or scope of care desired by the individual prisoner.  Id.

at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's against Defendant for deliberate indifference to serious medical needs is not clearly frivolous. Thus, this action survives initial review.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has alleged a claim for deliberate indifference to serious needs sufficient to survive this Court's initial review as to Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e) as to Defendant.

2. **IT IS FURTHER ORDERED THAT**, the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant.

Signed: May 12, 2015

Frank D. Whitney
Chief United States District Judge