UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-77-FDW

| RONALD MCCLARY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY SEARLES, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the following eight motions: three Motions to Strike, filed by Defendants Ella Dixie and Belquis Hopkins (Doc. Nos. 58; 64; 83); a Motion to Dismiss for Failure to State a Claim and Insufficient Service of Process, filed by Defendant Anthony Searles, (Doc. No. 61); a Motion for Judgment on the Pleadings, filed by Defendants Dixie and Hopkins, (Doc. No. 68); Plaintiff's Motion to Amend/Correct Amended Complaint, (Doc. No. 74); Plaintiff's Motion for Leave [to Submit] New Evidence, (Doc. No. 79); and Plaintiff's Motion to Amend/Correct Response, (Doc. No. 80).

## I. BACKGROUND

Pro se Plaintiff Ronald McClary, a North Carolina prisoner currently incarcerated at Lanesboro Correctional Institution, filed this action on February 18, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on deliberate indifference to serious medical needs. In his original Complaint, Plaintiff named as the sole Defendant Anthony Searles, M.D., a medical doctor at Lanesboro. Specifically, Plaintiff alleged

-1-

that, for 1.5 years before filing this action, he has had blood in his urine, urine leakage, pain when he urinates, and an enlarged and painful prostate. (Id.). Plaintiff alleged that Defendant Searles refused to treat Plaintiff, including failing to check for cancer or giving Plaintiff any medication for his prostate. (Id.). Plaintiff alleged that he submitted numerous sick calls but that Dr. Searles refused to treat Plaintiff. On May 13, 2015, the Court conducted a frivolity review and found that Plaintiff's Eighth Amendment claim against Defendant Searles was not clearly frivolous. (Doc. No. 10).

On June 2, 2015, Plaintiff filed an Amended Complaint, adding as Defendants "FNU Dixon" and "FNU Hopkins," both identified by Plaintiff as nurses at Lanesboro, and alleging that these two Defendants were also deliberately indifferent to Plaintiff's medical needs. (Doc. No. 12). The correct names for these two Defendants are Ella Dixie and Belquis Hopkins. See (Doc. No. 66 at 1 n.1). Plaintiff alleged that Defendants Dixie and Hopkins refused to dispense medications that he was supposed to be receiving, and that they had also refused to treat him for "various maladies." (Doc. No. 12 at 4). On July 20, 2015, the Court ordered service on these additional Defendants. (Doc. No. 14).

After filing his Amended Complaint in which Defendants Dixie and Hopkins were first named as Defendants, Plaintiff filed numerous Amended Complaints and other documents with the Court, and those documents are subject to the three motions to strike filed by Defendants.

Defendant Searles filed a motion to dismiss on October 30, 2015, moving to dismiss Plaintiff's claims against him on the following grounds: (1) Plaintiff failed to exhaust his administrative remedies relating to Plaintiff's claim for deliberate indifference to a serious medical need against Defendant before bringing this action; (2) Plaintiff failed to state a

cognizable deliberate indifference claim against Defendant Searles in either his individual or official capacity; (3) Plaintiff's allegations do not support an award of punitive damages; (4) insufficient service of process pursuant to Rule 12(b)(5) to the extent Plaintiff failed to serve the Second Amended Complaint on Defendant Searles; and (5) Defendant Searles is entitled to qualified immunity. (Doc. No. 61). Plaintiff filed a Response on November 16, 2015. (Doc. No. 75). On November 4, 2015, Defendants Dixie and Hopkins filed their own motion for judgment on the pleadings, in which they incorporate the arguments made in Defendant Searles' motion to dismiss based on failure to exhaust administrative remedies. (Doc. No. 68). Plaintiff filed a Response on November 16, 2015, and Defendants filed a Reply on November 19, 2015. (Doc. Nos. 76; 85).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). "Consequently, a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daughtery, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012)). See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court.") (internal quotations omitted); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) (noting that a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while litigating is pending); Green v. Rubenstein, 644 F. Supp. 2d 723, 743 (S.D. W. Va. 2009) ("The plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

### III. DISCUSSION

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure). In support of his

motion to dismiss, Defendant Searles attached an affidavit submitted by North Carolina Inmate Grievance Resolution Board Executive Director Finesse Couch, in which Couch attached two grievances submitted by Plaintiff involving Lanesboro. Couch's affidavit confirms that Plaintiff did not exhaust his deliberate indifference claim before filing this action. See (Doc. No. 61-1: Couch Aff.).

In response to Defendants' motions to dismiss and for judgment on the pleadings based on failure to exhaust, Plaintiff does not argue that he exhausted his administrative remedies before filing this action, nor has he provided a legally acceptable justification for his failure to exhaust.[1] In his response, Plaintiff attached a grievance complaining about excessive force that allegedly occurred while he was incarcerated at Polk Correctional Facility. Plaintiff completed Step Three as to this grievance, but the attached grievance has nothing to do with his claims of deliberate indifference against Defendants in this action. Plaintiff also expressly acknowledges in his response that he is familiar with the grievance procedure. As Defendants note, Plaintiff's response, in fact, supports Defendants' motions to dismiss and for judgment on the pleadings based on failure to exhaust administrative remedies in that he has conceded that he did not exhaust his administrative remedies before filing this action. In sum, the Court finds that this action must be dismissed for failure to exhaust administrative remedies.

Finally, the Court takes judicial notice that Plaintiff has filed no less than four other Section 1983 actions in this Court in 2015. The Court dismissed all of these other actions for failure to exhaust administrative remedies. See McClary v. Miller, 3:15cv19, Doc. No. 9

---

[1] For instance, Plaintiff contends that "[i]t is not always possible to exhaust remed[ies] before filing"; and that requiring exhaustion would be "a waste of the court['s] time and resources" and would cause a "delay in relief as medical care is being denied . . . ." (Doc. No. 76 at 2-3).

(W.D.N.C. 2015); <u>McClary v. Aaron</u>, 3:15cv20, Doc. No. 4 (W.D.N.C. 2015); <u>McClary v. Mitchell</u>, 3:15cv22, Doc. No. 10 (W.D.N.C. 2015); <u>McClary v. Mitchell</u>, 3:15cv47, Doc. No. 4 (W.D.N.C. 2015). If Plaintiff persists in burdening the Court's scarce resources by continuing to file Section 1983 actions in this Court, bringing claims that have not been properly exhausted, the Court will not hesitate to impose a pre-filing injunction against Plaintiff.

In sum, for the reasons stated herein, the Court finds that Plaintiff's deliberate indifference claim must be dismissed for failure to exhaust administrative remedies.

## IV. CONCLUSION

Plaintiff's deliberate indifference claim is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) For the reasons stated herein, Plaintiff's deliberate indifference claim is dismissed without prejudice for failure to exhaust administrative remedies. To this extent, the Motion for Judgment on the Pleadings, filed by Defendants Dixie and Hopkins, (Doc. No. 68); and the Motion to Dismiss, filed by Defendant Anthony Searles, (Doc. No. 61), are both **GRANTED**.

(2) The remaining pending motions are all **DENIED** as moot: Defendants' Motions to Strike, (Doc. Nos. 58; 64; 83); Plaintiff's Motion to Amend/Correct Amended Complaint, (Doc. No. 74); Plaintiff's Motion for Leave [to Submit] New Evidence, (Doc. No. 79); and Plaintiff's Motion to Amend/Correct Response, (Doc. No. 80).

(3) This matter is dismissed without prejudice, and the Clerk is respectfully directed to terminate this action.

Frank D. Whitney
Chief United States District Judge